# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| CRAIG COGDILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00047-JMB |
| | ) | |
| CHANTAY GODERT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a document filed by plaintiff Craig Cogdill purporting to be a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petition is handwritten and has not been drafted on a Court-provided form. Having reviewed the petition, the Court is unclear whether plaintiff intended this action to be filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or as a civil action pursuant to 42 U.S.C. § 1983. However, based on the content of the petition and the relief that plaintiff is seeking, this appears to be a § 1983 action. Accordingly, for the reasons discussed below, plaintiff will be required to submit an amended complaint on a Court-provided form clarifying his § 1983 claim. Furthermore, plaintiff will be directed to file a motion to proceed in forma pauperis or to pay the $350 filing fee in full. If plaintiff wishes to pursue a claim under § 2254, he will be asked to file a separate action in this Court.

### **The Complaint**

Plaintiff is currently an inmate at Northeast Correctional Center (NECC) in Bowling Green, Missouri. He purports to bring this action pursuant to 28 U.S.C. § 2254. His petition is handwritten and not on a Court-provided form. There are several attachments to the petition,

including a proposed order, an affidavit, a memorandum of law, and a request for service and placement. It is difficult, at times, to be entirely sure what plaintiff is attempting to communicate.

Plaintiff states that he is a diabetic and has had his left leg amputated. (Docket No. 1-3 at 3). He also mentions having cardiac issues. Plaintiff claims that NECC "fails to provide the necessary facility/treatment/care" that he needs, "as determined by medical professionals, to reduce, relieve, and prevent suffering and detriment" to him. (Docket No. 1 at 3-4). He states that the Missouri Department of Corrections has failed "to provide adequate 'physical plant' to meet [his] needs. (Docket No. 1 at 4).

In his request for relief, plaintiff asserts that "the Republic should, as a matter of justice, effect 'liberty' so that Mr. Cogdill may 'seek out and receive' the needed 'environmental,' 'medical,' and 'ethical' treatment needed." (Docket No. 1 at 4-5). He also asks that the State of Missouri be temporarily restrained from "abrogating the care it should've provided" him. (Docket No. 1 at 5). He also seeks an order compelling the State of Missouri to provide and pay for the treatment that has been recommended by his physician.

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. However, these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment,

his sole federal remedy is a writ of habeas corpus"). On the other hand, if a state prisoner is attacking something other than the fact or length of his confinement, or he is seeking something other than immediate or more speedy release, then habeas corpus is not the appropriate remedy. *Id*. at 495. Instead, the appropriate vehicle for relief would be an action pursuant to 42 U.S.C. § 1983. *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) ("The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails"). If a plaintiff is a state court prisoner seeking to expunge or vacate his conviction, the action is likely one that is appropriately brought pursuant to § 2254. However, if plaintiff is seeking money damages or some other form of relief, the case is most likely a § 1983 action.

In this case, plaintiff specifically states that he is bringing his action pursuant to 28 U.S.C. § 2254. He does not, however, appear to be challenging his underlying conviction or the fact or duration of his imprisonment. Rather, the thrust of plaintiff's petition concerns the conditions of confinement at NECC. Specifically, plaintiff makes allegations regarding the quality of his medical care, and asserts that his Eighth Amendment rights have been violated. The essence of his claim, it appears, is that NECC has been deliberately indifferent to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (stating that the government has an obligation to provide medical care to those whom it is punishing by incarceration).

Even though plaintiff's action is titled as a petition for writ of habeas corpus, the Court will presume that plaintiff wishes to proceed in this action under § 1983. The reasons for this are twofold. First, as noted above, the type of relief plaintiff is requesting lends itself to a § 1983 action, as plaintiff is not seeking a determination that he is entitled to earlier or speedier release. Second, classifying this action as one falling under § 2254 could deprive plaintiff of the

opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions. *See* 28 U.S.C. § 2244.

The Court will not allow plaintiff to proceed simultaneously under both statutes in one action. Therefore, if plaintiff wishes to bring an action under 28 U.S.C. § 2254, he should file a separate action on the Court-provided form.

As to the action before the Court, the Court will order plaintiff to file an amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print the amended complaint. The amended complaint must be on the Court-provided prisoner civil rights form that will be provided to plaintiff. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should be begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for reach defendant. In other words, for each particular defendant, plaintiff must separately write the defendant's name and then, under that name, provide a short and plain statement of factual allegations against that defendant. The Court emphasizes that the "Statement of Claim" requires more than "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

Along with the amended complaint, plaintiff must also file a motion to proceed in forma pauperis along with a financial affidavit, or pay the filing fee of $350. *See* 28 U.S.C. § 1915(a).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on the Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the form petition for filing a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided civil rights complaint form within **thirty (30)** days of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $350 filing fee or submit a motion to proceed in forma pauperis within **thirty (30)** days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice. If the case is dismissed for non-compliance with this Order, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this 15th day of October, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE